MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone (845) 354-9339
Facsimile (845) 365-1506
*Attorneys for Plaintiff*

PLAINTIFF DEMANDS A
TRIAL BY JURY

# United States District Court
Southern District of New York

ANTHONY RIVERA

       Plaintiff,

    -against-

CITY OF NEW YORK, the NEW YORK CITY DEPARTMENT OF CORRECTIONS, "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action; and "RICHARD ROE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action.

       Defendants.

Civil Action No.
07 CIV 7847 (RJS)(DCF)
COMPLAINT FOR DAMAGES-
Unlawful Imprisonment;
Unlawful Over-Detention;
Illegal Search and Seizure
42 U.S.C. 1983, 1985

**PRELIMINARY STATEMENT**

1.    This is an action for monetary damages (compensatory and punitive) against CITY OF NEW YORK (hereinafter, CITY), the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter CORRECTIONS), the entity, agency, department or division responsible for supervising and employing the officers, agents, servants and/or employees responsible for supervising and employing the officers, agents, servants and/or employees responsible for

-1-

the unlawful over-detention, unlawful imprisonment, unlawful search and seizure and deprivation of the right to due process of plaintiff, ANTHONY RIVERA, and "JOHN DOE ONE through FIVE," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action (hereinafter "DOEs"); and "RICHARD ROE ONE through FIVE," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action (hereinafter "ROEs").

2. From on or about August 9, 2006 to September 25, 2006 defendants CORRECTIONS, CITY, and DOEs and ROEs, acting individually and in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false imprisonment, unlawful over-detention, illegal search and seizure and deprivation of his right to due process.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant is located within, and a substantial part of the events giving rise to the

claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff ANTHONY RIVERA was and is a citizen of the United States and at all times relevant hereto resided in the County of Bronx, and State of New York.

6. Defendant CITY was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7. Defendant CORRECTIONS was at all times relevant hereto, a subdivision, department or agency of Defendant CITY.

8. The NEW YORK CITY DEPARTMENT OF CORRECTIONS and its officers, agents, servants and/or employees, were, at all times relevant hereto, employees of Defendant CITY, duly appointed and acting as officers, agents, servants and/or employees of defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. Defendants DOEs were at all times relevant hereto, employees of the NEW YORK CITY DEPARTMENT of CORRECTIONS.

10. Defendants ROEs were at all times relevant hereto, employees of the New York State Division of Parole.

11. At all times mentioned herein, the defendants and their officers, agents, servants and/or employees were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and the State of

New York.

## NOTICE OF CLAIM

12. Within 90 days following the commencement of the wrongful detention of plaintiff as herein alleged, plaintiff, pursuant to Section 50-e of the New York State General Municipal Law, filed written Notice of Claim with Defendant CITY. This matter has not been settled or otherwise disposed of, and plaintiff has complied with all conditions precedent provided for in the New York General Municipal Law.

## FACTUAL ALLEGATIONS

13. On or about July 3, 2001, plaintiff ANTHONY RIVERA was sentenced to a term of 2-4 years of imprisonment, with a maximum expiration of his incarceration to be on March 6, 2005.

14. On or about February 21, 2002, Plaintiff ANTHONY RIVERA was released on parole.

15. In August of 2002 plaintiff ANTHONY RIVERA was declared delinquent upon his parole until his arrest for a misdemeanor drug charge, for which he was sentenced to the Willard Drug Treatment Center on or about March 25, 2004.

16. Upon release from Willard, plaintiff's parole was reinstated, with a maximum expiration date of July 11, 2006.

17. Plaintiff remained on parole until March 8, 2006, when he was re-arrested, and pled guilty to assault in the 3rd degree, for which, on June 29, 2006, he was sentenced to six months imprisonment, that sentence to run concurrently with his parole.

18. Plaintiff's parole time was then miscalculated by one, some, or all of these defendants, and the fact that his new sentence was to run concurrently with his parole was not properly

communicated from defendant CITY to defendant CORRECTIONS, to defendants DOEs, to defendants ROEs, or to the New York State Department of Correctional Services.

19. Plaintiff's maximum expiration date was then, and at least in part on account thereof, wrongly miscalculated and conveyed to Plaintiff RIVERA, to CITY, to CORRECTIONS, to DOEs, to ROEs and to the New York State Department of Correctional Services by his hearing officer as being September 11, 2006.

20. In the month of August, 2006, after repeated requests by plaintiff to have his maximum expiration date re-calculated, and repeated denials thereof, plaintiff was told by the agents, servants and/or employees of defendants that his maximum expiration date was December 8, 2006, with those agents, servants and/or employees of defendants, falsely indicating to plaintiff that the sentence as imposed by Judge J. Byrne was not running concurrently as directed by Judge Byrne.

21. On September 14, 2006 plaintiff RIVERA filed an application for a Writ of Habeas Corpus to be heard on the 28th day of September 2006.

22. On September 21, 2006 Robert J. Butera, a Parole Officer at the Auburn Correctional Facility, and an agent, servant and/or employee of the State of New York, re-calculated plaintiff's maximum expiration date to be *approximately* August 11, 2006 and communicated this to Donna J. Bleichert, Senior Administrative Analyst of the New York State Division of Parole.

23. During the period from September 22, 2006 to September 25, 2006, unknown employee(s) of the State of New York re-calculated plaintiff's actual and true maximum expiration date to be August 9, 2006.

24. On September 25, 2006, plaintiff ANTHONY RIVERA was transferred to, and released from custody at, the Oneida Correctional Facility by Susan A. Connell, Superintendent, because it was not lawful to hold him beyond the maximum expiration date of his sentence, i.e., after August 9, 2006.

25. From August 9, 2006 to September 25, 2006, defendants CITY, CORRECTIONS, DOEs, ROEs and their officers, agents, servants and/or employees continued to wrongfully over-detain, and to fail to release, plaintiff RIVERA, thus falsely imprisoning RIVERA and subjecting him to continual illegal strip searches of his person and searches of his property without just, reasonable, lawful or proper cause to over-detain, falsely imprison and search him.

26. Upon information and belief, defendants CITY, CORRECTIONS, DOEs, ROEs and their officers, agents, servants and/or employees, with deliberate disregard for proper, lawful, appropriate, correct, and effective behaviors and procedures, imprisoned, over-detained and illegally strip searched plaintiff ANTHONY RIVERA when it was not right, just, lawful, proper, or necessary to do so.

27. From August 9, 2006 through September 25, 2006, employees of defendant CITY, including the NYC DEPARTMENT OF CORRECTIONS, DOEs, ROEs and their officers, agents, servants and/or employees, acting in concert, maliciously and with intent to injure plaintiff ANTHONY RIVERA, and without just cause or any right to do so, imprisoned, jailed, over-detained and strip searched him and restrained him of his liberty, against the will of the plaintiff.

28. At no time did the plaintiff offer resistance as the officers, agents, servants and/or employees

of defendants CITY and CORRECTIONS imprisoned, over-detained and strip searched him.

29. The over-detention and imprisonment of the plaintiff by the individual defendants was perpetrated by the individual defendants without legal process and without probable cause.

30. Defendants acted maliciously and intentionally, and with deliberate indifference to the rights of the plaintiff.

31. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined at Camp Georgetown located at 3191 Crumb Hill Road, R.D.#1, Georgetown, New York.

32. Eventually, with legal intervention, the plaintiff was released from such confinement and detention.

33. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

   b. embarrassment,

   c. humiliation,

   d. loss of liberty,

   e. loss of income,

   f. emotional distress and

   g. mental anguish.

The actions of the individual defendants violated a clearly established and well settled federal

constitutional rights of plaintiff: Freedom from the unreasonable seizure of his person.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985
### AGAINST INDIVIDUAL DEFENDANTS)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendants DOEs and ROEs, acting in concert and under the color of state law, have deprived plaintiff ANTHONY RIVERA of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

### SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Upon imprisoning, over-detaining and continually strip searching plaintiff, defendants CITY and CORRECTIONS, acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

### THIRD COUNT
### (FALSE ARREST & IMPRISONMENT
### AGAINST INDIVIDUAL DEFENDANTS)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. Defendants subjected plaintiff ANTHONY RIVERA to over-detention, imprisonment, and deprivation of liberty without probable cause. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

## FOURTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT
## - *RESPONDEAT SUPERIOR*)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendants are liable for the damages suffered by the plaintiff ANTHONY RIVERA as a result of the conduct of their officers, agents, servants and employees, under the doctrine of *respondeat superior.*

43. Defendants, by their officers, agents, servants, and employees, subjected plaintiff ANTHONY RIVERA to assault, over-detention, false imprisonment, embarrassment, shame and public humiliation, and loss of income. As a result plaintiff ANTHONY RIVERA claims damages against defendant for the injuries set forth above**.**

## FIFTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT
## 42 U.S.C. SECTION 1983)

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Defendants knew or should have known of their officers', employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

46. Prior to August 11, 2006 , defendants developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in prison, which policies and/or customs caused the violation of plaintiff ANTHONY RIVERA's rights.

47. Upon information and belief, it was the policy and/or custom of defendants to ignore an inmate's right to due process, to improperly and inadequately perform the duties of their

offices to include record keeping and maintenance, and calculation of maximum expiration dates, and acts of misconduct were instead tolerated by defendants, including, but not limited to incidents where defendants and their supervisors, officers, employees, agents, or servants have in the past over-detained, falsely imprisoned and performed illegal strip searches and covered up and hidden their wrongful conduct.

48. It was the policy and/or custom of defendants to fail to take the steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of their officers, employees, agents, or servants.

49. The CITY and CORRECTIONS did not require appropriate in-service training or re-training of officers, employees, agents, or servants who were known to have engaged in misconduct. As a result of the above described policies and/or customs, officers, employees, agents, or servants of the CITY and CORRECTIONS believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the CITY and CORRECTIONS to the constitutional rights of persons within the correctional system, and were the cause of the violations of plaintiff's rights alleged herein. As a result of the wrongful, deliberately indifferent and illegal acts of defendants CITY and CORRECTIONS, plaintiff ANTHONY RIVERA claims damages against defendants for the injuries set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and

severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This 31st day of July, 2007

                                      **Michael R. Scolnick, P.C.**

                                      By: _____
                                      Michael R. Scolnick      MS9984
                                      Attorneys for plaintiff
                                      175 Burrows Lane,
                                      Blauvelt, New York 10913
                                      Phone: (845) 354-9339
                                      Fax:(845) 365-1506
                                      E-Mail: Scollaw@optonline.net