UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY RIVERA,

                                        Plaintiff,

                 -against-

CITY OF NEW YORK, the NEW YORK CITY
DEPARTMENT OF CORRECTIONS, "JOHN DOE One
through Five," names being fictitious, true names being
unknown to plaintiff, persons intended being those
employees of the New York City Department of
Corrections whose acts or omissions resulted in the events
complained of in this action; and "RICHARD ROE One
through Five," names being fictitious, true names being
unknown to plaintiff, persons intended being those
employees of the New York State Division of Parole whose
acts or omissions resulted in the events complained of in
this action,

                                        Defendants.

**ANSWER**

07 Civ. 7847 (RJS)

Jury Trial Demanded

------------------------------------------------------------------------ x

       Defendants City of New York and the New York City Department of Correction (sued herein as "New York City Department of Corrections"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admit the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the New York City Department of Correction is an agency of the City of New York.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Paragraph "11" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about October 18, 2006, and this purported claim has not been settled or adjusted.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Defendants DOEs," "Defendants ROEs," and the New York State Department of Correctional Services.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "ROE" defendants.

26. Deny the allegations set forth in paragraph "26" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "ROE" defendants.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except deny the allegation that defendants City of New York and New York City Department of Correction "over-detained" plaintiff.

29. Deny the allegations set forth in paragraph "29" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "ROE" defendants.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any "ROE" defendants, and whether plaintiff was confined at Camp Georgetown.

32. Deny the allegations set forth in paragraph "32" of the complaint, expect deny knowledge or information sufficient to form a belief as to the truth of concerning whether or how plaintiff was released from state custody.

33. Deny the allegations set forth in paragraph "33" of the complaint, and all of its subparts.

34. In response to the allegations set forth in paragraph "35"[1] of the complaint, defendants repeat and reallege paragraphs "1" through "33" of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "36" of the complaint.

36. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege paragraphs "1" through "36" of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "38" of the complaint.

38. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege paragraphs "1" through "38" of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "40" of the complaint.

40. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "42" of the complaint.

42. Deny the allegations set forth in paragraph "43" of the complaint.

43. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege paragraphs "1" through "43" of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "45" of the complaint.

---

[1] There is no paragraph "34" in the complaint.

45. Deny the allegations set forth in paragraph "46" of the complaint.

46. Deny the allegations set forth in paragraph "47" of the complaint.

47. Deny the allegations set forth in paragraph "48" of the complaint.

48. Deny the allegations set forth in paragraph "49" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

49. The complaint fails to state a claim upon which relief can be granted

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

50. The New York City Department of Correction is not a suable entity pursuant to §396 of the City Charter.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

51. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties or co-defendants and was not the proximate result of any act of the City defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

52. The plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

53. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

54. Any claims asserted by plaintiff against the City of New York under state law are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

55. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

56. There was probable cause for plaintiff's detention.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

57. Plaintiff's claims may be barred in whole or in part by the doctrine of *res judicata* or collateral estoppel.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             November 13, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants City of New York and
                          New York City Department of Correction
                          100 Church Street, Room 3-195
                          New York, New York 10007
                          (212) 788-0422

                          By:     /s/
                                Morgan D. Kunz
                                Assistant Corporation Counsel
                                Special Federal Litigation Division

TO:    Michael R. Scolnick, P.C.
       175 Burrows Lane
       Blauvelt, New York 10913 (Via E.C.F. and First Class Mail)

DECLARATION OF SERVICE BY MAIL

       I, MORGAN KUNZ, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on November 13, 2007, I caused to be served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

       Michael R. Scolnick, P.C.
       175 Burrows Lane
       Blauvelt, New York 10913

Dated:       New York, New York
              November 13, 2007

                                      /s
                                  MORGAN KUNZ
                                  ASSISTANT CORPORATION COUNSEL

Index No. 07 CV 7847 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RIVERA,

                                                Plaintiff,

-against-

CITY OF NEW YORK, the NEW YORK CITY DEPARTMENT OF CORRECTIONS, "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action; and "RICHARD ROE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action.

                                                Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Morgan D. Kunz*
*Tel: (212) 788-0422*
*NYCLIS No. 2007-028892*

*Due and timely service is hereby admitted.*

*New York, N.Y..................................................................................., 200...*

*.............................................................................................................. Esq.*

*Attorney for............................................................................................*