MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MORGAN D. KUNZ
*Assistant Corporation Counsel*
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

December 28, 2007

**BY HAND**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10013

Re:  Anthony Rivera v. City of New York, et al,
     07 Civ. 7847 (RJS)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and the New York City Department of Correction (hereinafter the "City defendants"). In that regard, I write to respectfully request that the Court convert the status conference scheduled for January 7, 2008 at 11:15 am into a pre-motion conference so that the defendants may move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), or in the alternative summary judgment.

      In the complaint, plaintiff alleges that he was unlawful detained past the maximum expiration date of a sentence he received in 2001. Specifically, plaintiff claims that he was on parole for the 2001 sentence, when, in 2006, he was arrested for, and pled guilty to, assault in the 3rd degree. Plaintiff alleges that he received a sentence of six months imprisonment for the 2006 conviction, which, plaintiff claims, was to run concurrently with the remainder of the 2001 parole term. Plaintiff claims that the maximum expiration date on the 2001 sentence was then incorrectly recalculated, not taking into account the fact that the two sentences were allegedly to run concurrently. Plaintiff claims that he was released from the Oneida Correctional Facility, a New York State prison, on September 25, 2006, even though his "true maximum expiration date" was August 9, 2006.

      Plaintiff's claims against the City defendants should be dismissed because no City actor had any involvement in plaintiff's alleged false imprisonment. In order to establish municipal liability, a plaintiff must first prove the existence of a municipal policy or custom, and then show that the identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). In

this case, plaintiff alleges his maximum expiration date was August 9, 2006. Plaintiff, however, was transferred to State custody on July 19, 2006. Because plaintiff was not in City custody when the alleged over-detention occurred, he could not show that his constitutional rights were violated by any City actors and where there is no underlying constitutional violation, a municipality cannot be held liable under 42 U.S.C. § 1983. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

Additionally, plaintiff alleges that the City defendants did "not properly communicate" to the New York State Department of Correctional Services that the 2006 sentence and the 2001 parole term were to run concurrently. Plaintiff claims that this led to a miscalculation of the maximum expiration date of his 2001 parole term and ultimately to the alleged false imprisonment. However, the sentencing and commitment order signed by the Clerk of the Bronx County Supreme Court when plaintiff was sentenced to six months imprisonment for the 2006 assault charge did not indicate that the 2006 sentence was to run concurrently with any other sentence. Moreover, even assuming, *arguendo*, that the Judge had ordered that the sentences run concurrently, such a calculation is prohibited by New York State Penal Law §70.40. According to New York Penal Law § 70.40(3)(a), when a parolee becomes delinquent,[1] his sentence is interrupted "as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under the jurisdiction of the state department of correctional services." N.Y. Penal Law § 70.40(3) further requires that a parolee's time in custody be credited toward the time remaining on his parole term when the new "custody arose from an arrest on another charge which culminated in a conviction, but in such case, if a sentence of imprisonment was imposed, *the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction*." N.Y. Penal Law § 70.40 (3)(c)(iii) (emphasis added). "New York State appellate courts have ruled . . . that the New York Penal Law allows no credit against parole time for time spent serving the sentence of conviction that stems from the parole violation, *even when the sentencing judge has ordered the sentences to be served concurrently*." Torres v. City of New York, 94 Civ 4604 (DLC), 1996 U.S. Dist. LEXIS 10906 at *11 (S.D.N.Y. 1996) (emphasis added); see also, United States ex rel. Spain v. Oswald, 342 F. Supp. 97, 100 (E.D.N.Y. 1972) ("Plaintiff could only receive credit for the time spent serving his second sentence if he had been acquitted of the charges based on the second arrest."); People v. Hanna, 219 A.D.2d 792 (N.Y. App. Div. 1995) (parolee "not entitled to credit for the jail time against the prior undischarged term which had been interrupted" when he was arrested and convicted of the new crime.); Mickens v. New York State Division of Parole, Index No. 7635/06, 2006 N.Y. Misc. LEXIS 4117 at *4-5; 237 N.Y.L.J. 4 (Nassau County Sup. Ct. December 21, 2006) ("a parolee is not entitled to 'double dip'; i.e., he cannot receive jail time credit against both a prior sentence and a new sentence, and is not entitled to credit for local sentences imposed as concurrent with paroled-from term.") (internal citation omitted). Therefore, since plaintiff was not entitled to receive any credit against his 2001 parole term for the time he spent serving his 2006 assault sentence, any alleged failure by the City defendants to inform the State that plaintiff's sentences were to run concurrently could not have caused his alleged unlawful imprisonment.

---

[1] New York Executive Law § 259-i(3)(d) requires that a parolee be declared delinquent when he is convicted of a new crime.

Finally, defendant New York City Department of Correction (hereinafter "DOC") is further entitled to summary judgment because it is not a suable entity. Chapter 17, § 396 of the New York City Charter provides, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency ...." See also Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997) (DOC not a suable entity).

On these grounds, we believe that the City defendants possess a good faith basis on which to move for judgment on the pleadings or in the alternative summary judgment. Accordingly, we respectfully request that the Court convert the status conference scheduled for January 7, 2008 at 11:15 am into a pre-motion conference.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Michael R. Scolnick, P.C., Attorney for plaintiff (By Fax)

Pursuant to Rule 2.A of my Individual Practices, Plaintiff is to respond to this pre-motion letter by Wednesday, January 9, 2008. The January 7, 2008 conference previously scheduled in this matter is adjourned to _January 18_ at _11AM_.

SO ORDERED.
Dated: 1/2/08
RICHARD J. SULLIVAN
USDJ

3