MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone (845) 354-9339
Facsimile (845) 365-1506
*Attorneys for Plaintiff*

**ECF CASE**

PLAINTIFF DEMANDS A
TRIAL BY JURY

**United States District Court**
Southern District of New York

Civil Action No.
07 CIV 7847 (RJS)(DCF)

ANTHONY RIVERA

       Plaintiff,

    -against-

MICHAEL CARROLL, S.P.O. DEREK E. MURPHY, F.P.O. ROBERT J. BUTERA, P.O. LINDA BANKS SPENCE, A.P.A. CHARLOTTE A. WRIGHT, P.O. TAYLOR, F.P.O.II D. AMEND, S.A.A. DONNA J. BLEICHERT, F.P.O.I F. WELCH, and F.P.O.II F. MARLENGA,

       Defendants.

*1ST AMENDED*
COMPLAINT FOR
DAMAGES-
Unlawful Imprisonment;
Unlawful Over-Detention;
Illegal Search and Seizure
42 U.S.C. 1983, 1985

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against court clerk MICHAEL CARROLL (hereinafter CARROLL); and against S.P.O. DEREK E. MURPHY, F.P.O. ROBERT J. BUTERA, P.O. LINDA BANKS SPENCE, A.P.A. CHARLOTTE A. WRIGHT, P.O. TAYLOR, F.P.O. II D. AMEND, S.A.A. DONNA J. BLEICHERT, F.P.O.I F. WELCH, and F.P.O.II F. MARLENGA, employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action (hereinafter collectively the PAROLE DEFENDANTS).

2. From on or about August 9, 2006 to September 25, 2006 defendant CARROLL, and the PAROLE DEFENDANTS, acting individually and in concert, under color of state laws, intentionally and wilfully, with deliberate indifference to the plaintiff's constitutional and civil rights, subjected plaintiff to, inter alia, false imprisonment, unlawful over-detention, illegal search and seizure and deprivation of his right to due process.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff ANTHONY RIVERA was and is a citizen of the United States and at all times relevant hereto resided in the County of Bronx, and State of New York.

6. The New York State Department of Correctional Services was at all times relevant hereto, a subdivision, department or agency of The State of New York.

7. The PAROLE DEFENDANTS were at all times relevant hereto, employees of the New York State Division of Parole.

8. Defendant CARROLL was at all times relevant hereto, an employee of the State of New York Unified Court System, serving as a clerk in the Supreme Court of the State of New York, Bronx County, Criminal Term, Part A, Hon. John N. Byrne, acting Justice of the Supreme Court, presiding.

9. At all times mentioned herein, the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

10. On or about July 3, 2001, plaintiff ANTHONY RIVERA was sentenced to a term of 2-4 years of imprisonment, with a maximum expiration of his incarceration to be on March 6, 2005.

11. On or about February 21, 2002, Plaintiff ANTHONY RIVERA was released on parole.

12. In August of 2002 plaintiff ANTHONY RIVERA was declared delinquent upon his parole until his arrest for a misdemeanor drug charge, for which he was sentenced to the Willard Drug Treatment Center on or about March 25, 2004.

13. Upon release from Willard, plaintiff's parole was reinstated, with a maximum expiration date of July 11, 2006.

14. Plaintiff remained on parole until March 8, 2006, when he was re-arrested, and pled guilty to assault in the 3rd degree, for which, on June 29, 2006, he was sentenced to six months imprisonment, that sentence to run concurrently with his parole.

15. Plaintiff's parole time was then miscalculated by one, some, or all of the PAROLE DEFENDANTS, and the fact that his new sentence was to run concurrently with his parole

was not properly communicated from defendant CARROLL to the City of New York, to its Department of Corrections, its agents, servants and/or employees, to the PAROLE DEFENDANTS, or to the New York State Department of Correctional Services.

16. Plaintiff's maximum expiration date was then, and at least in part on account of defendant CARROLL, wrongly miscalculated and conveyed to Plaintiff RIVERA, to the City of New York, to its Department of Corrections, to its agents, servants and/or employees, to the PAROLE DEFENDANTS and to the New York State Department of Correctional Services by his hearing officer as being September 11, 2006.

17. In the month of August, 2006, after repeated requests by plaintiff to the PAROLE DEFENDANTS to have his maximum expiration date re-calculated, and repeated denials thereof by the PAROLE DEFENDANTS, plaintiff was told by those defendants and by the agents, servants and/or employees of defendants that his maximum expiration date was December 8, 2006, with those defendants and the agents, servants and/or employees of defendants, falsely and with deliberate indifference, indicating to plaintiff that the sentence as imposed by Judge J. Byrne was not running concurrently as directed by Judge Byrne.

18. On September 14, 2006 plaintiff RIVERA filed an application for a Writ of Habeas Corpus to be heard on the 28th day of September 2006.

19. On September 21, 2006 Robert J. Butera, a Parole Officer at the Auburn Correctional Facility, a PAROLE DEFENDANT and an agent, servant and/or employee of the State of New York, re-calculated plaintiff's maximum expiration date to be approximately August 11, 2006 and communicated this to Donna J. Bleichert, Senior Administrative Analyst of the New York State Division of Parole and a PAROLE DEFENDANT.

20. During the period from September 22, 2006 to September 25, 2006, unknown employee(s)

of the State of New York re-calculated plaintiff's actual and true maximum expiration date to be August 9, 2006.

21. On September 25, 2006, plaintiff ANTHONY RIVERA was transferred to, and released from custody at, the Oneida Correctional Facility by Susan A. Connell, Superintendent, because it was not lawful to hold him beyond the maximum expiration date of his sentence, i.e., after August 9, 2006.

22. From August 9, 2006 to September 25, 2006, the State of New York, its Department of Correctional Services, their agents, servants, and/or employees, the PAROLE DEFENDANTS and their officers, agents, servants and/or employees, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS (done, also, with deliberate indifference to the constitutional and civil rights of the plaintiff), continued to wrongfully over-detain, and to fail to release, plaintiff RIVERA, thus falsely imprisoning RIVERA and subjecting him to continual illegal strip searches of his person and searches of his property without just, reasonable, lawful or proper cause to over-detain, falsely imprison and search him.

23. Upon information and belief, the State of New York, its Department of Correctional Services, the PAROLE DEFENDANTS, and their officers, agents, servants and/or employees, with deliberate disregard for proper, lawful, appropriate, correct, and effective behaviors and procedures, and as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, imprisoned, over-detained and illegally strip searched plaintiff ANTHONY RIVERA when it was not right, just, lawful, proper, or necessary to do so.

24. From August 9, 2006 through September 25, 2006, employees of the State of New York, its

Department of Correctional Services, and the PAROLE DEFENDANTS, acting in concert, with deliberate indifference for the constitutional and civil rights of the plaintiff, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS as hereinabove alleged, maliciously and with intent to injure plaintiff ANTHONY RIVERA, and without just cause or any right to do so, imprisoned, jailed, over-detained and strip searched him and restrained him of his liberty, against the will of the plaintiff.

25. At no time did the plaintiff offer resistance as the officers, agents, servants and/or employees of the State of New York, its Department of Correctional Services, their agents, servants and/or employees, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, imprisoned, over-detained and strip searched him.

26. The over-detention and imprisonment of the plaintiff by the State of New York and its Department of Correctional Services, by their agents, servants, and/or employees, was perpetrated by them without legal process and without probable cause, and as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS.

27. Defendants acted maliciously and intentionally, and with deliberate indifference to the constitutional and civil rights of the plaintiff.

28. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined at Camp Georgetown located at 3191 Crumb Hill Road, R.D.#1, Georgetown, New York.

29. Eventually, with legal intervention, the plaintiff was released from such confinement and detention.

30. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,
   b. embarrassment,
   c. humiliation,
   d. loss of liberty,
   e. loss of income,
   f. emotional distress and
   g. mental anguish.

31. The actions of the individual defendants violated a clearly established and well settled federal constitutional rights of plaintiff: Freedom from the unreasonable seizure of his person.

FIRST COUNT
(42 U.S.C. SECTIONS 1983 and 1985
AGAINST INDIVIDUAL DEFENDANTS)

31a. Paragraphs 1 through 31 are incorporated herein by reference.

32. Defendants CARROLL and the PAROLE DEFENDANTS, acting in concert and under the color of state law, and with deliberate indifference to the constitutional and civil rights of the plaintiff, have deprived plaintiff ANTHONY RIVERA of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

## SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. The wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, which resulted in the imprisonment, over-detention and continual strip searching of plaintiff by the State of New York and its Department of Correctional Services, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

## THIRD COUNT
### (FALSE ARREST & IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. The wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS subjected plaintiff ANTHONY RIVERA to over-detention, imprisonment, and deprivation of liberty without probable cause. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This 6 day of March, 2008

                                            Michael R. Scolnick, P.C.

                                            By: _____

                                            Michael R. Scolnick    MS9984
                                            Attorneys for plaintiff
                                            175 Burrows Lane,
                                            Blauvelt, New York 10913
                                            Phone: (845) 354-9339
                                            Fax:(845) 365-1506
                                            E-Mail: Scollaw@optonline.net