MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone (845) 354-9339
Facsimile (845) 365-1506
*Attorneys for Plaintiff*

**ECF CASE**

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No.
07 CIV 7847 (RJS)(DCF)

### United States District Court
Southern District of New York

ANTHONY RIVERA

       Plaintiff,

    -against-

MICHAEL CARROLL, S.P.O. DEREK E. MURPHY, F.P.O. ROBERT J. BUTERA, P.O. LINDA BANKS SPENCE, A.P.A. CHARLOTTE A. WRIGHT, P.O. TAYLOR, F.P.O. II D. AMEND, S.A.A. DONNA J. BLEICHERT, F.P.O.I F. WELCH, and F.P.O.II F. MARLENGA,

       Defendants.

***2ndAMENDED***
COMPLAINT FOR DAMAGES- All amendments are indicated by ***bold italic***
Unlawful Imprisonment;
Unlawful Over-Detention;
Illegal Search and Seizure;
***Cruel and Unusual Punishment; Slavery***
42 U.S.C. ***1981***, 1983, 1985
4th, 5th, **8th,** $**13^{th}**$ 14th
Amendments to US Constitution

PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against court clerk MICHAEL CARROLL (hereinafter CARROLL); and against S.P.O. DEREK E. MURPHY, F.P.O. ROBERT J. BUTERA, P.O. LINDA BANKS SPENCE, A.P.A. CHARLOTTE A. WRIGHT, P.O. TAYLOR, S.A.A. DONNA J. BLEICHERT, F.P.O.I F. WELCH, and F.P.O.II F. MARLENGA, employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action (hereinafter collectively the PAROLE DEFENDANTS). ***All claims against F.P.O. II D. AMEND, are hereby withdrawn.***

2.     From on or about August 9, 2006 to September 25, 2006 defendant CARROLL, and the

PAROLE DEFENDANTS, acting individually and in concert, under color of state laws, intentionally and wilfully, with deliberate indifference to the plaintiff's constitutional and civil rights, subjected plaintiff to, inter alia, false imprisonment, unlawful over-detention, illegal search and seizure, *slavery, cruel and unusual punishment* and deprivation of his right to due process.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. § *1981,* 1983 and 1985, the Fourth, Fifth, *Eighth, Thirteenth* and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff ANTHONY RIVERA was and is a citizen of the United States and at all times relevant hereto resided in the County of Bronx, and State of New York.

6. The New York State Department of Correctional Services was at all times relevant hereto, a subdivision, department or agency of The State of New York.

7. The PAROLE DEFENDANTS were at all times relevant hereto, employees of the New York State Division of Parole.

8. Defendant CARROLL was at all times relevant hereto, an employee of the State of New York Unified Court System, serving as a clerk in the Supreme Court of the State of New

York, Bronx County, Criminal Term, Part A, Hon. John N. Byrne, acting Justice of the Supreme Court, presiding.

9. At all times mentioned herein, the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

10. On or about July 3, 2001, plaintiff ANTHONY RIVERA was sentenced to a term of 2-4 years of imprisonment, with a maximum expiration of his incarceration to be on March 6, 2005.

11. On or about February 21, 2002, Plaintiff ANTHONY RIVERA was released on parole.

12. In August of 2002 plaintiff ANTHONY RIVERA was declared delinquent upon his parole until his arrest for a misdemeanor drug charge, for which he was sentenced to the Willard Drug Treatment Center on or about March 25, 2004.

13. Upon release from Willard, plaintiff's parole was reinstated, with a Maximum Expiration Date of July 11, 2006.

14. *Plaintiff remained on parole until March 8, 2006, when he was re-arrested.*

15. *Defendants MURPHY and BANKS-SPENCE on April 25, 2006, upon information and belief, executed and endorsed a Violation of Release Report (attached hereto as Exhibit A bearing Bates stamps 0001-0005 and made a part hereof) altering dates, falsely accusing plaintiff RIVERA of a parole violation on an altered date of April 8, 2006, when he in fact was already incarcerated, before and beyond that date, which altered date resulted in additional alteration of dates and in the miscalculation of plaintiff RIVERA's Maximum Expiration Date to be September 11, 2006.*

16. *Upon information and belief, in April of 2006, on a page from a document called the IRC manual (Chapter 10, page 9,) attached hereto as Exhibit B bearing Bates stamps 0006, and made a part hereof, an unknown agent, servant and/or employee of the State Division of Parole, upon information and belief, one of these defendants, calculated RIVERA's new Maximum Expiration Date to be July 19, 2006 with a conditional release date of December 8, 2006.*

17. *On June 6, 2006, upon information and belief, one of these defendants submitted a Parole Revocation Decision Notice for signature, (attached hereto as Exhibit C bearing Bates stamps 0007-0010, and made a part hereof) bearing the falsified dates of release from shock parole as 2/21/06, as opposed to the true date of 2/21/02, stating that plaintiff had been on parole for seventeen days when he had clearly been on parole for over sixteen months, with an improper and false statement that his time remaining was 4 months and three days.*

18. *On March 21, 2006, plaintiff pled guilty to assault in the 3rd degree, for which, on June 29, 2006, he was sentenced to six months imprisonment, that sentence to run concurrently with his parole.*

19. *Defendant CARROLL, the Senior Court Clerk in the part in which plaintiff pled guilty and was sentenced, prepared and processed his commitment order and in doing so falsely and improperly failed to communicate to the City of New York, to its Department of Corrections, its agents, servants and/or employees, to the PAROLE DEFENDANTS, or to the New York State Department of Correctional Services the fact that plaintiff RIVERA's new sentence was to run concurrently with his parole. Exhibit D, bearing Bates stamps 0011-0013, the Court stenographic transcripts of that appearance are attached*

*hereto and made a part hereof.*

20. Plaintiff's parole time was then miscalculated by one, some, or all of the PAROLE DEFENDANTS.

21. Plaintiff's Maximum Expiration Date was then, and at least in part on account of defendant CARROLL, wrongly miscalculated and conveyed to Plaintiff RIVERA, to the City of New York, to its Department of Corrections, to its agents, servants and/or employees, to the PAROLE DEFENDANTS and to the New York State Department of Correctional Services by his hearing officer as being September 11, 2006.

22. *On July 20, 2006, defendant WRIGHT sent a System Inbasket Print, (attached hereto as Exhibit E, bearing Bates stamps 0014-0016, and made a part hereof,) to defendant BLEICHERT(deceased) inaccurately changing plaintiff's "start date" to July 5, 2006, and, on page 3, listing his Maximum Expiration Date to be December 8, 2006 .*

23. *On July 25, 2006, an unknown agent, servant and/or employee of the state Division of Parole, upon information and belief, one of these defendants, ran a Legal Date Computation, (attached hereto as Exhibit F, bearing Bates stamp 0017, and made a part hereof,) indicating RIVERA's new Maximum Expiration Date to be changed wrongfully to December 8, 2006.*

24. *On August 1, 2006, defendant WRIGHT, in response to a letter from plaintiff requesting attention to the constant adjustment to his Maximum Expiration Date, (attached hereto as Exhibit G, bearing Bates stamp 0018, and made a part hereof,) with deliberate indifference, refused to investigate plaintiff's claim.*

25. *On August 31, 2006, defendant BUTERA, on an Inmate Call-Out Slip, (attached hereto as Exhibit H, bearing Bates stamp 0019, and made a part hereof,) flatly refused to grant plaintiff an interview in reference to his time and date, referring to certain*

*correspondence, dated August 29, 2006, that has not been provided to plaintiff by defendants or any agency.*

26. In the month of August, 2006, after repeated requests by plaintiff to the PAROLE DEFENDANTS to have his maximum expiration date re-calculated, and repeated denials thereof by the PAROLE DEFENDANTS, plaintiff was told by those defendants and by the agents, servants and/or employees of defendants that his maximum expiration date was December 8, 2006, with those defendants and the agents, servants and/or employees of defendants, falsely and with deliberate indifference, indicating to plaintiff that the sentence as imposed by Judge J. Byrne was not running concurrently as directed by Judge Byrne.

27. On September 14, 2006 plaintiff RIVERA filed an application for a Writ of Habeas Corpus to be heard on the 28th day of September 2006.

28. On September 21, 2006 Robert J. **BUTERA**, a Parole Officer at the Auburn Correctional Facility, a PAROLE DEFENDANT and an agent, servant and/or employee of the State of New York, *sent a communication to defendant BLEICHERT, (deceased,) (attached hereto as Exhibit I, bearing Bates stamps 0020-0021, and made a part hereof,)* Senior Administrative Analyst of the New York State Division of Parole and a PAROLE DEFENDANT *requesting directions on the procedure for calculating Maximum Expiration Dates and how to proceed, as he had re-calculated plaintiff's Maximum Expiration Date to be approximately August 11, 2006*.

29. *On September 22, 2006, in subsequent communications between defendants BUTERA and BLEICHERT,(deceased), (attached hereto as Exhibit J, bearing Bates stamp 0022, and made a part hereof,) defendant BUTERA is advised how to proceed by defendant BLEICHERT.*

30. *On September 22, 2006, defendant BUTERA executed a Parole Jail Time Certificate*

*which is attached hereto as Exhibit K, bearing Bates stamp 0023, and made a part hereof.*

31. During the period from September 22, 2006 to September 25, 2006, unknown employee(s) of the State of New York re-calculated plaintiff's actual and true Maximum Expiration Date to be August 9, 2006 *as evidenced by the attached Exhibit L, bearing Bates stamp 0024, which is made a part hereof.*

32. On September 25, 2006, plaintiff ANTHONY RIVERA was transferred to, and released from custody at, the Oneida Correctional Facility by Susan A. Connell, Superintendent, because it was not lawful to hold him beyond the Maximum Expiration Date of his sentence, i.e., after August 9, 2006.

33. *On September 27, 2006, defendants MARLENGA and WELCH sent a Memorandum to Central Office (Files), (attached hereto as Exhibit M, bearing Bates stamp 0025, and made a part hereof,) stating that subject Rivera "reached his Maximum Expiration Date on 8/9/06, and was released from this Facility on 8/9/06" an untrue statement, which upon information and belief, amounted to a cover-up of their role in the violations of plaintiff RIVERA's rights, and an indication of their culpability therein.*

34. From August 9, 2006 to September 25, 2006, the State of New York, its Department of Correctional Services, their agents, servants, and/or employees, the PAROLE DEFENDANTS and their officers, agents, servants and/or employees, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS (done, also, with deliberate indifference to the constitutional and civil rights of the plaintiff), continued to wrongfully over-detain, and to fail to release, plaintiff RIVERA, thus *enslaving him,* falsely imprisoning RIVERA and subjecting him to *cruel and unusual punishment,* continual illegal strip searches of his person and searches of his property without just, reasonable, lawful or proper cause to over-detain, falsely imprison and search him.

35. Upon information and belief, the State of New York, its Department of Correctional Services, the PAROLE DEFENDANTS, and their officers, agents, servants and/or employees, with deliberate disregard for proper, lawful, appropriate, correct, and effective behaviors and procedures, and as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, imprisoned, *enslaved,* over-detained and subjecting him to *cruel and unusual punishment*, illegally strip searched plaintiff ANTHONY RIVERA when it was not right, just, lawful, proper, or necessary to do so.

36. From August 9, 2006 through September 25, 2006, employees of the State of New York, its Department of Correctional Services, and the PAROLE DEFENDANTS, acting in concert, with deliberate indifference for the constitutional and civil rights of the plaintiff, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS as hereinabove alleged, maliciously and with intent to injure plaintiff ANTHONY RIVERA, and without just cause or any right to do so, imprisoned, *enslaved,* jailed, over-detained and strip searched him and restrained him of his liberty, against the will of the plaintiff.

37. At no time did the plaintiff offer resistance as the officers, agents, servants and/or employees of the State of New York, its Department of Correctional Services, their agents, servants and/or employees, as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, *enslaved,* imprisoned, over-detained and strip searched him.

38. The over-detention, *enslavement,* and imprisonment of the plaintiff by the State of New York and its Department of Correctional Services, by their agents, servants, and/or employees, was perpetrated by them without legal process and without probable cause, and as a result of the wrongful acts and omissions of defendants CARROLL and the PAROLE

DEFENDANTS.

39. Defendants acted maliciously and intentionally, and with deliberate indifference to the constitutional and civil rights of the plaintiff.

40. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined at Camp Georgetown located at 3191 Crumb Hill Road, R.D.#1, Georgetown, New York.

41. Eventually, with legal intervention, the plaintiff was released from such confinement and detention.

42. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

   b. *violation of his constitutional rights under the Fifth and Eighth Amendments to the United States Constitution to be free from cruel and unusual punishment and not to be deprived of life, liberty or property,*

   c. *violation of his constitutional rights under the Thirteenth Amendment to the United States Constitution to be free from slavery and involuntary servitude,*

   d. embarrassment,

   e. humiliation,

   f. loss of liberty,

   g. loss of income,

   h. emotional distress and

   i. mental anguish.

43. The actions of the individual defendants violated a clearly established and well settled federal constitutional rights of plaintiff: Freedom from the unreasonable seizure of his person.

### FIRST COUNT
(42 U.S.C. SECTIONS *1981,* 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Defendants CARROLL and the PAROLE DEFENDANTS, acting in concert and under the color of state law, ***based on racial motivation*** and with deliberate indifference to the constitutional and civil rights of the plaintiff, have deprived plaintiff ANTHONY RIVERA of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § *1981*, 1983 and 1985. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

### SECOND COUNT
(ASSAULT *and CRUEL and UNUSUAL PUNISHMENT* AGAINST INDIVIDUAL DEFENDANTS)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. The wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS, which resulted in the ***enslavement,*** imprisonment, over-detention and continual strip searching of plaintiff by the State of New York and its Department of Correctional Services, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

### THIRD COUNT
( IMPRISONMENT *and ENSLAVEMENT* AGAINST INDIVIDUAL DEFENDANTS)

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. The wrongful acts and omissions of defendants CARROLL and the PAROLE DEFENDANTS subjected plaintiff ANTHONY RIVERA to *enslavement,* over-detention, imprisonment, and deprivation of liberty without probable cause. As a result, plaintiff ANTHONY RIVERA claims damages for the injuries set forth above.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This        day of July, 2008

                                Michael R. Scolnick, P.C.

                                By:_____
                                Michael R. Scolnick          MS9984
                                Attorneys for plaintiff
                                175 Burrows Lane,
                                Blauvelt, New York 10913
                                Phone: (845) 354-9339
                                Fax:(845) 365-1506
                                E-Mail: Scollaw@optonline.net