# United States District Court
Southern District of New York
---------------------------------------------------------------------------

ANTHONY RIVERA

       Plaintiff,

   -against-

MICHAEL CARROLL, S.P.O. DEREK E. MURPHY, F.P.O. ROBERT J. BUTERA, P.O. LINDA BANKS SPENCE, A.P.A. CHARLOTTE A. WRIGHT, P.O. TAYLOR, F.P.O.II D. AMEND, S.A.A. DONNA J. BLEICHERT, F.P.O.I F. WELCH, and F.P.O.II F.MARLENGA,

       Defendants.
------------------------------------------------------------------

<u>AFFIRMATION</u>

07CIV7847

       MICHAEL R. SCOLNICK, an attorney duly admitted to practice law before this Court and the Courts of the State of New York, and a principal of MICHAEL R. SCOLNICK, P.C., attorneys for Plaintiff herein, affirms the following to be true under the penalties of perjury.

       I am fully familiar with the facts and circumstances surrounding the within issues, and I submit this affirmation in support of the within application for an Order, pursuant to Local Civil Rule 1.4 (Withdrawal or Displacement of Attorney of Record),to withdraw as Counsel of Record for plaintiff and to substitute GLORIA WARE, *pro se,* and for such other and further relief as to this Court seems just and proper.

       The Plaintiff herein,on July 3, 2001, was sentenced to an indeterminate prison term, and later was released to parole supervision. There was a violation, declaration of delinquency, re-incarceration, and return to parole supervision. On March 8, 2006, while still on parole supervision, Plaintiff was arrested and pled guilty to assault in the third degree. On June 29, 2006, Plaintiff was sentenced to a prison term of six months, with the sentence to run concurrent

with his remaining parole time. After various intervening events, fully described in defendants' motion to dismiss, in this action, plaintiff's maximum expiration date was re-computed to August 9, 2006, but he was not released until September 25, 2006.

In this current action, Plaintiff alleges that he was not given proper time credit for the concurrent sentence and so was over-detained 47 days. It is alleged that the remaining defendant, Butera, was deliberately indifferent to Plaintiff's rights, and so is liable for a violation of his civil rights, by over-detaining him.

An action was commenced, issue joined, and interrogatories and document requests were served, and complied with.

Defendants herein moved to dismiss this action based on qualified immunity or, as regards on defendant, Carroll, absolute judicial immunity. Such motion was granted as to all defendants except Butera.

Plaintiff is requesting an Order of the Court allowing the attorney for plaintiff, the undersigned and his firm, to withdraw as counsel for the plaintiff, and that he be substituted as counsel on his own behalf, and that he be given sufficient time to find other counsel.

Before making this application I have attempted to elicit a settlement offer from the defendants. To date, none has been forthcoming. I have, in fact, been told with credible finality that there will be no settlement offer.

I can't disclose the facts which give rise to the irreconcilable difference of opinion, without violating the requirements of the Canon of Ethics, Canon 4, Rule 1.6, which requires an attorney to zealously protect the confidentiality of communications and disclosures to the client that could potentially adversely affect any interest of the client. However I am filing under seal, for the Court's consideration, and with the Court's consent, my declaration of the facts which

give rise to the difference of opinion, with the understanding that the Court will not disclose the contents thereof so as to not prejudice the rights and privileges of ANTHONY RIVERA.

No previous application for the relief sought herein has ever been made to this or any other Court.

WHEREFORE, it is respectfully requested that an Order be entered, pursuant to Local Civil Rule 1.4. (Withdrawal or Displacement of Attorney of Record),to withdraw as Counsel of Record and substitute GLORIA WARE, *pro se,* and for such other and further relief as to this Court seems just and proper.

Dated:       BLAUVELT, NEW YORK
             November 4, 2009

                                           **/s/MICHAEL R. SCOLNICK**
                                           **MICHAEL R. SCOLNICK**